UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN A. RAMIREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>  Defendants. | No. 2:17-cv-01868-JAM-GGH |

On this date the court held a telephonic hearing on defendants' Motion to Exclude Plaintiff's Retained Experts, including sanctions for plaintiff's failure to produce expert reports on the date required by the court's Pretrial Scheduling Order. ECF No. 9. Plaintiff was represented by attorney Stanley P. Fleshman; defendants were represented by attorney Shanan L. Hewitt.

First, as set forth in plaintiff's opposition, and confirmed in court, plaintiff has stricken experts Fennessy and Zehnder from his expert list. That left experts Neuman and Defoe as the subject of the motion.

The court acknowledged that the failure of plaintiff to timely designate witnesses and to produce timely, substantive expert witness statements, and the fact that those experts had the reports of defendants' experts to assist them in formulating their belated opinions, whether or not

1

they expressly relied upon them, resulted in prejudice.  However, the court also found that prejudice insufficient to support the striking of the plaintiff's experts in light of the fact that defendants would have an opportunity to depose those experts and to cross-examine them at trial.

Balancing the prejudice suffered with the need to have cases determined on their merits, and in light of the cited case law in both the Motion/Reply and Opposition, the undersigned declined to strike plaintiff's two remaining experts as such a sanction would effectively end the case.  However, sanctions were formulated to mitigate any prejudice suffered by defendant.  Plaintiff is to make his experts available for deposition prior to the depositions of defendant's experts, and defendant would not have to pay any plaintiff's expert witness fees at deposition.

In addition, it was determined that it would be necessary to extend discovery cutoff in this case to effectuate the sanctions, and the parties agreed to provide a stipulation/order to the district judge permitting a 30 day extension of discovery cut-off.  This stipulation was to be filed by close of business Friday, September 28, 2018.

In light of the foregoing IT IS ORDERED as follows:

1. Defendants shall be entitled to depose the experts identified by plaintiff before their own experts are deposed;

2. Plaintiffs shall bear all expert witness fees incurred in the depositions of plaintiff's experts;

3. The parties shall provide a stipulation and proposed order to the district judge to extend discovery such that all discovery is to be completed to no later than November 26, 2018.

**IT IS SO ORDERED.**

Dated: September 27, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE